the case is reversed and remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

---

### Elijah Anderson and John W. Anderson, Appellees v. A. P. Benjamin, Appellant.

#### (Not to be reported in full.)

Appeal from the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the April term, 1914. Reversed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Elijah Anderson and John W. Anderson against A. P. Benjamin to recover damages occasioned by the failure of defendant to deliver to plaintiffs a certain quantity of hay claimed to have been purchased by plaintiffs from defendant. The suit was originally brought before a justice of the peace and judgment was taken by default. Defendant appealed to the County Court and plaintiff recovered a judgment for fifty dollars. To reverse the judgment, defendant appeals.

LESTER H. MARTIN and WESLEY M. OWEN, for appellant.

F. Y. HAMILTON, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 373*—*when evidence insufficient to show completed contract of sale.* Evidence *held* insufficient to show a completed

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract for the sale of hay so as to authorize the buyer to recover damages for nondelivery, where no time was fixed for delivery and payment and the seller only agreed to sell the hay provided he could get his son to bale it, and the hay was never baled and the buyer never made a demand for it or offered to pay for it.

2. SALES, § 124*—*when time for payment and delivery concurrent.* Where contract is silent, the time of payment and delivery are to be concurrent.

---

## George E. Black, Appellee, v. William H. Black, Appellant.

1. EXCHANGE OF PROPERTY, § 8*—*when evidence of value of property inadmissible.* In an action where the issue was whether plaintiff made false representations concerning the drainage of lands exchanged, permitting witnesses for plaintiff to testify as to the value of the land, *held* error for the reason that there was no such issue and that it was immaterial.

2. EVIDENCE, § 224*—*when testimony of witness is hearsay.* Testimony of a witness as to how much corn and oats were grown on a farm during a certain year should be excluded as hearsay where he states that he got his information from a certain book.

3. EXCHANGE OF PROPERTY, § 8*—*when instruction as to false representations erroneous.* An instruction that defendant would not be justified in relying on plaintiff's representations concerning lands exchanged unless the defendant "did not have equal means of ascertaining the facts," *held* erroneous.

4. INSTRUCTIONS, § 7*—*when must be accurate.* Where evidence is in direct conflict, the instructions must be unambiguous and accurate or the judgment will be reversed.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

LE FORGEE, VAIL & MILLER and WHITLEY, FITZGERALD & MCLAUGHLIN, for appellant.

CREA & HOUSUM and W. W. REEVES, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.